

<div style="text-align:right">May 2, 2024</div>

Mark J. Langer
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse
333 Constitution Avenue, N.W.
Washington, DC  20001

**Re:** *Citizens Action Coalition of Indiana, Inc. v. FERC,* **No. 23-1046**
**(oral argument scheduled for May 7, 2024)**

Citizens Action Coalition of Indiana agrees that *Alabama Municipal Distributors Group v. FERC*, No. 22-1101 (D.C. Cir. Apr. 30, 2024), which the parties identified as raising related issues, is a relevant supplemental authority under Rule 28(j).

FERC offered a summary of the decision. Texas Gas went further, arguing (at 2) that *Alabama Municipal* "foreclose[s]" CAC's significance arguments here. Texas Gas is wrong, for at least two reasons.

First, petitioners in *Alabama Municipal* raised a NEPA claim that "fault[ed] FERC for not using an environmental metric known as the 'social cost of carbon.'" Slip op. at 11. *Alabama Municipal* held that it was not arbitrary for FERC to refuse to use the social cost of carbon where pending litigation challenged the tool and where FERC had not determined whether the tool was appropriate for project-level review. *See id.* at 11–13. Here, CAC argues that FERC was required to determine whether greenhouse gas emissions were significant and that the social cost of carbon was one available tool for doing so. *See* Reply at 23–30. *Alabama Municipal* has no bearing on, for example, CAC's argument that FERC could follow its approach from *Northern Natural Gas Co.*, 174 FERC ¶ 61,189 (2021). Reply at 29.

Second, CAC also raised a distinct claim, not at issue in *Alabama Municipal*, under the Natural Gas Act. In the Order under review here, FERC did not make a judgment about the greenhouse gas emissions that flow from the Project. Nor did it indicate whether (and if so, how) that judgment weighed in its determination that the public convenience and necessity requires the project. *Alabama Municipal* does not speak to this claim.

<div style="margin-left:50%">

Respectfully submitted,

*/s/ Ann Jaworski*
Ann Jaworski
EARTHJUSTICE
311 S. Wacker Drive, Suite 1400
Chicago, IL 60606
ajaworski@earthjustice.org
773-245-0837

*Counsel for Petitioner Citizens Action Coalition of Indiana*

</div>

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing letter complies with the type volume limit of Fed. R. App. Pro. 28(j) because it contains 275 words.

<div style="text-align: right;">

*/s/ Ann Jaworski*
Ann Jaworski
EARTHJUSTICE
311 S. Wacker Drive, Suite 1400
Chicago, IL 60606
ajaworski@earthjustice.org
773-245-0837

*Counsel for Petitioner Citizens Action Coalition of Indiana*

</div>